UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| WAUND HARRIS<br>*Plaintiff* | * <br> * <br> * | CIVIL NO: |
| vs. | * <br> * | JUDGE: |
| VADYM CHERNESTSKY,<br>CRETE CARRIER CORPORATION<br>and TCI TRANSPORTATION CLAIMS<br>*Defendants* | * <br> * <br> * <br> * | MAGISTRATE JUDGE |

## COMPLAINT

NOW INTO COURT, through undersigned counsel comes plaintiff, WAUND HARRIS, a citizen and resident of Bossier City, Louisiana against, VADYM CHERNESTSKY, CRETE CARRIER CORPORATION and TCI TRANSPORTATION CLAIMS, alleges as follows:

1.

Made defendants herein are:

1. VADYM CHERNETSKY a person of the full age of majority, a resident of and domiciled in Kansas City, Missouri, who may be served trough the Louisiana Long Arm statute at his address of 8300 East 91st Street, Kansas City, MO 64138 and through the Louisiana Secretary of State, Tom Schedler, 585 Archives Avenue, Baton Rouge, LA 70809 pursuant to Louisiana Revised Statute 13:3474;

2. CRETE CARRIER CORPORATION, who upon information and belief is a foreign corporation authorized to do and doing business in the State of Louisiana, who at all times herein was the employer of VADYM CHERNETSKY

and may be served at their home office located at 400 NW 56th Street, Lincoln, Nebraska, 68528.

3. TCI TRANSPORTATION CLAIMS, who upon information and belief is a foreign corporation authorized to do and doing business in the State of Louisiana, who at all times herein was the insurer of VAYDM CHERNETSKY and CRETE CARRIERS CORPORATION, and may be served at 132 S. 13th Street, suite 200, Lincoln, Nebraska, 68508.

## JURISDICTION AND VENUE

2.

This Court has subject mater jurisdiction pursuant to 28 U.S.C. Section 1332 (a) since there is diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.

Venue is proper in this district pursuant to 28 U.S.C. Section 1391. The Complaint which forms the basis of the lawsuit occurred in the Western District of Louisiana.

4.

Said defendants are indebted jointly, severally, and in solido unto your petitioner WAUND HARRIS in an amount of damages reasonably calculated to adequately compensate for the injuries and damages sustained in the automobile collision that occurred on or about August 6, 2013 on Interstate 20 near Airline Drive in Bossier City, Bossier Parish, Louisiana all of which is more particular plead and described hereinafter

and may be served at their home office located at 400 NW 56th Street, Lincoln, Nebraska, 68528.

3. TCI TRANSPORTATION CLAIMS, who upon information and belief is a foreign corporation authorized to do and doing business in the State of Louisiana, who at all times herein was the insurer of VAYDM CHERNETSKY and CRETE CARRIERS CORPORATION, and may be served at 132 S. 13th Street, suite 200, Lincoln, Nebraska, 68508.

## JURISDICTION AND VENUE

2.

This Court has subject mater jurisdiction pursuant to 28 U.S.C. Section 1332 (a) since there is diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3.

Venue is proper in this district pursuant to 28 U.S.C. Section 1391. The Complaint which forms the basis of the lawsuit occurred in the Western District of Louisiana.

4.

Said defendants are indebted jointly, severally, and in solido unto your petitioner WAUND HARRIS in an amount of damages reasonably calculated to adequately compensate for the injuries and damages sustained in the automobile collision that occurred on or about August 6, 2013 on Interstate 20 near Airline Drive in Bossier City, Bossier Parish, Louisiana all of which is more particular plead and described hereinafter

together with legal interest from the date of judicial demand until paid for cost of these proceedings.

5.

On or about August 6, 2013, at approximately 19:14 p.m., WAUND HARRIS was the driver of a 2003 Mitsubishi Lancer, LA License TAX904, obeying all local, state and federal traffic laws.

6.

WAUND HARRIS was a restrained driver of the automobile.

7.

At the time of the accident, the weather was clear, the roadway was dry and it was daylight.

## NEGLIGENCE ALLEGATION AS TO VADYM CHERNETSKY

8.

On or about August 06, 2013, at approximately 19:14 p.m., VADYM CHERNETSKY was operating a 2012 International TR, Nebraska License 2013, 163473, owned by CRETE CARRIER CORPORATION, heading East on Interstate 20 in Bossier City, Bossier Parish, Louisiana. At this time, he was in the left lane, while, Plaintiff, WAUND HARRIS, was in the right lane.

9.

VADYM CHERNETSKY at no time, activated his signal light. Without warning, Defendant begin to change lanes, from the left lane to the right lane.

10.

However, Defendant, VADYM CHERNETSKY was either inattentive and/or simply failed to see what he should have seen, as WAUND HARRIS' vehicle was within the lane Defendant was trying to occupy. Defendant's collided with Plaintiff's vehicle, as he attempted to switch lanes

11.

The force of the impact caused WAUND HARRIS' vehicle to spin, until it came to rest in the median.

### **WAUND HARRIS DAMAGES**

12.

Shortly after the accident, EMS personnel arrived and transported WAUND HARRIS to University Health Shreveport-with complaints of neck, back and shoulder pain.

13.

After diagnostic tests were performed, it was discovered that WAUND HARRIS suffered from a fracture of the second cervical vetebra. Plaintiff was required to wear a medical neck brace for months-until his injury eventually resolved.

14.

In addition to the cervical vertebra fracture that Mr. Harris sustained, he also had significant soft tissue injuries, which required him to undergo physical therapy for months.

15.

For months, WAUND HARRIS experienced pain, stiffness and discomfort from the injuries that he sustained.

16.

Further, although Plaintiff's neck has healed, he still experiences stiffness, decreased range of motion and discomfort on a daily basis. Due to the injury, these problem are expected to continue into the immediate future.

17.

Further, for months following his injuries, WAUND HARRIS had trouble sleeping, was unable to perform routine tasks around his house, could not entertain socially and was in constant discomfort and pain.

18.

The petitioner specifically pleads the following damages:

- a) Past medical expenses;
- b) Future medical expenses;
- c) Past and future physical pain and suffering;
- d) Past and future mental pain and pain and anguish;
- e) Loss of income;
- f) Loss of enjoyment of life; and
- g) Property damage.

## UNIFORM MOTOR VEHICLE TRAFFIC CRASH REPORT

19.

In the violation section of the The Uniform Motor Vehicle Traffic Crash Report, there is no violation listed for Plaintiff, WAUND HARRIS.

20.

In the violation section of The Uniform Motor Vehicle Traffic Crash Report, the notation other is listed for Defendant, VADYM CHERNETSKY.

21.

The above notation contained in the Uniform Motor Vehicle Traffic Crash Report indicates that Defendant, VADYM CHERNETSKY, violated a traffic law, which caused this accident.

22.

~~The petitioner shows defendant, VADYM CHERNETSKY is responsible and~~ strictly liable to the petitioner, for the damages suffered, and was the cause of the aforesaid accident and damages and as such, the liability policy of VADYM CHERNETSKY with TCI TRANSPORTATION CLAIMS covered VADYM CHERNETSKY and CRETE CARRIER CORPORATION.

23.

VADYM CHERNETSK operated the above-mentioned automobile, such the liability policy of VADYM CHERNETSKY and/or CRETE CARRIER CORPORATION covered VADYM CHERNETSKY. Further, upon information and belief, VADYM CHERNETSKY, was acting within the course and scope of his employment duties

24.

Said accident and injuries and losses suffered by the petitioner, WAUND HARRIS, were due proximately to the actions and omissions of negligence, carelessness, fault and reckless of VADYM CHERNETSKY, while in the course and scope of his

employment, which may imputed to his employer, CRETE CARRIER CORPORATION, in the following nonexclusive particulars:

  a) Reckless and Careless operation of his vehicle;

  b) Failure to maintain a proper lookout;

  c) Failure to yield;

  d) Failure to properly apply brakes on the automobile so as to avoid and/or prevent it from colliding with other vehicles;

  e) Improper lane usage;

  f) In being inattentive and not doing what he should have done or seeing what he should have seen in order to avoid the accident.

  g) Negligence per se by violating state and municipal traffic law; and,

## ADDITIONAL ALLEGATIONS

25.

The petitioner avers that it will be necessary to employ experts herein, including medical experts, to testify at the trial of the matter and as such a result, the expert witness' fees should he taxed as costs and defendants should be condemned to pay same along with all other costs.

26.

And now, pleading in the alternative and only in the alternative, if this Honorable Court should hold and find that claimant, WAUND HARRIS, was negligent, then in and that event, complaint shows that the defendants are liable to petitioner, in solido, in the amount to be proportion to the degree or percentage of negligence or fault attributable to each part as provided under the comparative Negligence Laws of State of Louisiana.

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

1. Compensatory damages, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate Plaintiff for all his injuries and damages, both past and present;

2. Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate Plaintiff for all of his injuries and damages, both past and present, including but not limited to, past and future medical expenses, costs for past and future rehabilitation and/or home health care, lost income, permanent disability, including permanent instability and loss of balance, and pain and suffering.

3. Attorneys' fees, expert fees, expenses, and costs of this action;

4. Pre-judgment and post-judgment interest in the maximum amount allowed by law; and

5. Such further relief as this Court deems necessary, just, and proper.

Respectfully submitted,

SINGLETON LAW FIRM

/s/ W. James Singleton
W. JAMES SINGLETON (LBR# 17801)
wjsingleton@singletonlaw.com
/s/ Christopher Sices
CHRISTOPHER SICES {LBR #32409)
csices@singletonlaw.com
4050 Linwood Avenue
Shreveport, Louisiana 71108
Telephone: 318-631-5200
Facsimile:  318-636-7759

ATTORNEYS FOR PLAINTIFF